FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 1 2010

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**TWT**

| | |
|---|---|
| SALVADOR ASCENCIO,<br>SANTOS DELGADO and<br>PEDRO CLETO SALGADO, | )<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| v. | ) Civil Action No. **1 10 · CV − 1 4 1 4** |
| | ) |
| BIG DOG DEMOLITION, INC.<br>and G.E. ANDERSON, II, | ) ***JURY TRIAL DEMANDED***<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

**COME NOW** Plaintiff Salvador Ascencio ("Ascencio"), Plaintiff Santos Delgado ("Delgado") and Plaintiff Pedro Cleto Salgado ("Salgado") (collectively "Plaintiffs"), by and through their undersigned counsel, and file this Complaint against Defendant Big Dog Demolition, Inc. ("Big Dog") and Defendant G.E. Anderson, II ("Anderson") (collectively "Defendants").

## PARTIES

1.     Ascencio is an individual and resides at 3250 Austell Road, Lot 19A, Marietta, Georgia  30008.

- 1 -

2.      Delgado is an individual and resides at 2775 Gray Road, Lot 48, Smyrna, Georgia  30082.

3.      Salgado is an individual and resides at 2775 Gray Road, Lot 28, Smyrna, Georgia  30082.

4.      Big Dog is a company organized under the laws of the State of Georgia with its principal place of business located at 2022 Airport Court SE, Marietta, Georgia  30060.

5.      Big Dog may be served via its registered agent for service of process – Thompson, O'Brien, Kemp & Nasuti, 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.

6.      Anderson is an individual and, upon information and belief, resides in the State of Georgia and within the Northern District of Georgia.

7.      Anderson is Big Dog's CEO, CFO and Corporate Secretary, and, upon information and belief, the owner of Big Dog, sole shareholder of any and all of Big Dog's issued / outstanding shares of stock and/or majority shareholder of any and all of Big Dog's issued / outstanding shares of stock.

8.      Anderson may be served at 2022 Airport Court SE, Marietta, Georgia 30060.

- 2 -

## JURISDICTION

9.      Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiffs' Complaint for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

10.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

## VENUE

11.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Big Dog resides in the State of Georgia and within the Northern District of Georgia, and, upon information and belief, Anderson resides in the State of Georgia and within the Northern District of Georgia.

12.     Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events / omissions giving rise to Plaintiffs' Complaint occurred within the Northern District of Georgia and/or a substantial part of the property at issue in Plaintiffs' Complaint is situated in the Northern District of Georgia.

## FACTUAL BACKGROUND

13.     In or around September 2008, Ascencio was hired by Big Dog.

- 3 -

14.    At all relevant times, Ascencio's contract with Big Dog was that he would be paid $15.00 per hour.

15.    Between approximately the beginning of March 2010 and end of April 2010, Ascencio worked at least 253 hours.[1]

16.    During at least one workweek between approximately the beginning of March 2010 and the end of April 2010, Ascencio worked at least 41 hours.[2]

17.    Big Dog has repeatedly refused and willfully failed and refused to pay Ascencio for any of the hours that he worked between approximately the beginning of March 2010 and end of April 2010.

18.    At all relevant times, Big Dog contracted with Ascencio to reimburse him for business / job-related gasoline purchases that he made with his personal funds in connection with his employment.

19.    At all relevant times, Defendants had knowledge that Ascencio used his personal funds for business / job-related gasoline purchases in connection with his employment.

---

[1] Ascencio has copies of his time sheets from all but 1 of the workweeks; hence, the phrase "at least. . ."

[2] As noted above, Ascencio has copies of his time sheets from all but 1 of the workweeks; hence, the phrase "at least. . ."

20.     At all relevant times, Defendants condoned Ascencio using his personal funds for business / job-related gasoline purchases in connection with his employment.

21.     Between approximately the middle of January 2010 and end of April 2010, Ascencio made gasoline purchases totaling at least several hundred dollars in connection with his employment.[3]

22.     Big Dog has repeatedly refused and willfully failed and refused to reimburse Ascencio for any of the gasoline purchases he made between approximately the middle of January 2010 and end of April 2010 in connection with his employment.

23.     In or around February 2010, Delgado was hired by Big Dog.

24.     At all relevant times, Delgado's contract with Big Dog was that he would be paid $9.00 per hour.

---

[3] As noted above, Ascencio has copies of his time sheets from all but 1 of the workweeks from approximately the beginning of March 2010 to the end of April 2010, to which he attached the receipts for the gasoline purchases he made in connection with his employment during such workweeks. Moreover, the gasoline receipts attached to the time sheets referenced in the preceding sentence totals approximately $204.86. However, Ascencio does not have copies of all of the receipts for all of the gasoline purchases he made during each and every workweek during the entire time period at issue; hence, the phrase "at least. . ."

25.     Between approximately the beginning of March 2010 and end of April 2010, Delgado worked at least 206.5 hours.[4]

26.     During at least one workweek between approximately the beginning of March 2010 and the end of April 2010, Delgado worked at least 41 hours.[5]

27.     Big Dog has repeatedly refused and willfully failed and refused to pay Delgado for any of the hours that he worked between approximately the beginning of March 2010 and end of April 2010.

28.     In or around mid 2008, Salgado was hired by Big Dog.

29.     At all relevant times, Salgado's contract with Big Dog was that he would be paid $9.00 per hour.

30.     Between approximately the beginning of March 2010 and end of April 2010, Salgado worked at least 99 hours.[6]

---

[4] Delgado has copies of his time sheets from all but 1 of the workweeks; hence, the phrase "at least. . ."

[5] As noted above, Delgado has copies of his time sheets from all but 1 of the workweeks; hence, the phrase "at least. . ."

[6] Salgado has copies of his time sheets from all but 1 of the workweeks; hence, the phrase "at least. . ."

- 6 -

31. Big Dog has repeatedly refused and willfully failed and refused to pay Salgado for any of the hours that he worked between approximately the beginning of March 2010 and end of April 2010.

## COUNTS / CLAIMS

### Count / Claim I – FLSA Minimum Wage Violation (All Plaintiffs Against Both Defendants)

32. Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

33. At all relevant times, Anderson was Big Dog's CEO, CFO and Corporate Secretary, and, upon information and belief, the owner of Big Dog, sole shareholder of any and all of Big Dog's issued / outstanding shares of stock and/or majority shareholder of any and all of Big Dog's issued / outstanding shares of stock.

34. At all relevant times, Anderson acted directly in the interest of Big Dog in relation to Plaintiffs as defined by the FLSA.

35. At all relevant times, Defendants were Plaintiffs' employers as defined by the FLSA.

36. At all relevant times, Plaintiffs were employees of Defendants as defined by the FLSA.

- 7 -

37. At all relevant times, Defendants were subject to the minimum wage provisions of the FLSA.

38. At all relevant times, Plaintiffs were entitled to at least minimum wage pursuant to the FLSA.

39. Defendants repeatedly and willfully failed and refused to pay Plaintiffs at least minimum wage for each and every hour they worked for Defendants between approximately the beginning of March 2010 and end of April 2010.

40. Anderson may be held individually / personally liable along with Big Dog for violating the minimum wage provisions of the FLSA.

41. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages.

### Count / Claim II – FLSA Overtime Violation
### (Ascencio and Delgado Against Both Defendants)

42. Ascencio and Delgado reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

43. At all relevant times, Anderson was Big Dog's CEO, CFO and Corporate Secretary, and, upon information and belief, the owner of Big Dog, sole shareholder of any and all of Big Dog's issued / outstanding shares of stock and/or

- 8 -

majority shareholder of any and all of Big Dog's issued / outstanding shares of stock.

44.    At all relevant times, Anderson acted directly in the interest of Big Dog in relation to Ascencio and Delgado as defined by the FLSA.

45.    At all relevant times, Defendants were Ascencio's and Delgado's employers as defined by the FLSA.

46.    At all relevant times, Ascencio and Delgado were employees of Defendants as defined by the FLSA.

47.    At all relevant times, Defendants were subject to the overtime provisions of the FLSA.

48.    At all relevant times, Ascencio and Delgado were not exempt from being entitled to overtime pursuant to the FLSA.

49.    During at least one workweek between approximately the beginning of March 2010 and the end of April 2010, Ascencio and Delgado each worked at least 41 hours for Defendants.[7]

50.    Defendants have repeatedly and willfully failed and refused to pay Ascencio and Delgado time and one half for the time each of them worked for

---

[7] As noted above, Ascencio and Delgado have copies of their time sheets from all but 1 of the weeks; hence, the phrase "at least. . ."

Defendants in excess of 40 hours in any workweek between approximately the beginning of March 2010 and end of April 2010.

51.    Anderson may be held individually / personally liable along with Big Dog for violating the overtime provisions of the FLSA.

52.    As a result of Defendants' violations of the FLSA, Ascencio and Salgado have suffered damages.

**Count / Claim III – Breach of Contract**
**(All Plaintiffs Against Big Dog)**

53.    Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

54.    Plaintiffs' contracts with Big Dog are valid and enforceable.

55.    Big Dog breached its contracts with Plaintiffs.

56.    Big Dog repeatedly and willfully failed and refused to pay Plaintiffs in accordance its contracts with Plaintiffs.

57.    Big Dog also repeatedly and willfully failed and refused to reimburse Ascencio for business / job-related gasoline purchases that he made with his personal funds in connection with his employment.

58.    As a result of Big Dog's breaches of its contracts with Plaintiffs, Plaintiffs have suffered damages.

## Count / Claim IV – All Litigation Expenses, Including
## Attorney's Fees and Costs, Pursuant to O.C.G.A. § 13-6-11
## (All Plaintiffs Against Big Dog)

59.     Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

60.     Plaintiffs' contracts with Big Dog are valid and enforceable.

61.     Big Dog breached its contracts with Plaintiffs.

62.     Big Dog repeatedly and willfully failed and refused to pay Plaintiffs in accordance its contracts with Plaintiffs.

63.     Big Dog also repeatedly and willfully failed and refused to reimburse Ascencio for business / job-related gasoline purchases that he made with his personal funds in connection with his employment.

64.     Big Dog has acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.

65.     As a result of Big Dog acting in bad faith, being stubbornly litigious and causing Plaintiffs unnecessary trouble and expense, Plaintiffs have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a)    That judgment be entered in Plaintiffs' favor and against Defendants on all of Plaintiffs' claims;

(b)    That Plaintiffs be awarded all of their unpaid minimum wages pursuant to the FLSA;

(c)    That Plaintiffs be awarded liquidated damages in amounts equal to all of their unpaid minimum wages pursuant to the FLSA;

(d)    That Ascencio and Delgado be awarded all of their unpaid overtime wages pursuant to the FLSA;

(e)    That Ascencio and Delgado be awarded liquidated damages in amounts equal to all of their unpaid overtime wages pursuant to the FLSA;

(f)    That Plaintiff be awarded all of their attorney's fees, costs and litigation expenses pursuant to the FLSA;

(g)    That Plaintiff be awarded all of their breach of contract damages as allowed by law;

(h)    That Plaintiffs be awarded all of their litigation expenses, including attorney's fees and costs, pursuant to O.C.G.A. § 13-6-11; and

(i)   That Plaintiffs be awarded any and all other and further relief as the

Court deems just, proper and/or appropriate.

### *JURY TRIAL DEMANDED*

Respectfully submitted this the 11ᵗʰ day of May, 2010.


Preston B. Davis
Georgia Bar No. 141999
preston@pbdavislaw.com
Counsel for Plaintiffs


LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA  30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiffs

## <u>CERTIFICATION OF COUNSEL</u>

Pursuant to <u>Local Rule</u> 7.1, N.D. Ga., the undersigned counsel certifies that this document was prepared with Times New Roman (14 point), one of the font and point selections approved by the Court in <u>Local Rule</u> 5.1B, N.D. Ga.

Respectfully submitted this the 11th day of May, 2010.

Preston B. Davis
Georgia Bar No. 141999
preston@pbdavislaw.com
Counsel for Plaintiffs

LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA 30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiffs

- 14 -